**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4701**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDAL J. WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:04-cr-00041-PMD-1)

Submitted:  December 16, 2008       Decided:  February 3, 2009

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Eric John Klumb, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendal J. White was convicted by a magistrate judge of violating his probation and was sentenced to ten months in prison. White appealed to the district court, which affirmed. White now appeals to this court. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in revoking probation and imposing sentence but concluding that there are no meritorious issues for appeal. White was advised of his right to file a pro se brief but did not file such a brief. We affirm.

"[W]e review probation revocation sentences . . . to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). This requires us to first determine if the sentence is procedurally or substantively unreasonable; if it is not unreasonable, our analysis ends, and we affirm. Only if the sentence is procedurally or substantively unreasonable will we consider whether it is also plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006).

A sentence imposed upon revocation of probation is procedurally reasonable if the sentencing court considered the policy statements set forth in Chapter 7 of the U.S. Sentencing Guidelines Manual and the 18 U.S.C. § 3553(a) (2006) factors

2

that it is permitted to consider. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 440. Such a sentence is substantively reasonable if the sentencing court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Id.

Here, the magistrate judge determined after a hearing that White had committed the probation violations as charged. Revocation of probation and imposition of a term of imprisonment were therefore authorized. See 18 U.S.C. § 3565(a)(2) (2006). White committed Grade C probation violations, see USSG § 7B1.1(a)(3), p.s., and his criminal history category was III. His recommended Guidelines range was 5-11 months, see USSG § 7B1.4(a), p.s. The magistrate judge considered this range as well as the applicable § 3553(a) sentencing factors when imposing sentence. We conclude that his sentence was not unreasonable.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw

from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4